THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Salee Barnes-Mohammed,<br><br>                    Plaintiff,<br>v.<br><br>Watchdog Self Storage, et al.,<br><br>                    Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:25-cv-00198-DBB-DBP<br><br>District Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

This matter is before the court on Defendants' Motions.[1] Defendants move the court to dismiss Plaintiff's Complaint, quash service, or require Plaintiff to file a more definitive statement.[2] Defendants' further move to strike Plaintiff's addendum and request a hearing.[3] After carefully considering the facts of this case and the parties' respective memoranda, the undersigned recommends that the Motion to Dismiss be granted. Given this recommendation, the court finds the Motion to Strike and Motion for a hearing moot.[4]

---

[1] The case is referred to the undersigned pursuant to a 28 U.S.C. § 636(b)(1)(B) from District Court Judge David Barlow. ECF No. 20.

[2] ECF No. 13.

[3] ECF No. 37.

[4] ECF No. 37.

## BACKGROUND[5]

This case arises from circumstances related to Plaintiff's bankruptcy case located in the United States Bankruptcy Court, Central District of California, Los Angeles Division.[6] Plaintiff stored her property in Defendant's self-storage facility located in Utah. Plaintiff alleges Defendants violated the automatic stay in the bankruptcy case when they "refused to release the possessions & continued to demand payment, and illegally refused her access to her valuables and important papers needed to prosecute her BK, which exacerbated her symptoms of her medical morbidities and caused loss."[7]

The bankruptcy court dismissed Plaintiff's bankruptcy case on January 8, 2025. In the order of dismissal, the bankruptcy court noted that it retained jurisdiction "on all issues involving sanctions, any bar against being a debtor in bankruptcy, all issues under [certain sections of the] Bankruptcy Code… and to any additional extent provided by law."[8] On January 10, 2025, Defendant Watchdog gave notice that they were auctioning off Plaintiff's property. The auction occurred on January 31, 2025. This sale according to Plaintiff, violated the stay because the bankruptcy court "maintained jurisdiction through January 31, 2025" during which time, Defendant Watchdog "and all of them, had knowingly violated Federal law" by demanding

---

[5] In considering a motion to dismiss under Federal Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to Plaintiff who is not the moving party. The factual background is drawn from Plaintiff's Complaint and documents from the proceedings in Plaintiff's bankruptcy case. Plaintiff refers to the bankruptcy case throughout her Complaint and attaches an order from the case denying her motion to reconsider. As set forth by the Tenth Circuit, this court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). Defendants also attach documents from the bankruptcy case to their motion. Thus, the court takes judicial notice of the bankruptcy orders and includes them in the relevant background.

[6] *In re Salee Amina Mohammed*, Case No. 2:23-bk-17991-WB.

[7] Complaint at 9.

[8] Oder and Notice of Dismissal Arising from Chapter 13 Confirmation Hearing, Ex. A to Defendants' Motion, ECF No. 13.

payment, not allowing Plaintiff access to her property, and selling it at auction.[9] Plaintiff maintains that she moved for reconsideration of the dismissal of January 8th, so any sale should not have occurred until that motion was ruled upon by the bankruptcy court.

In her Complaint Plaintiff alleges Defendants' actions also led to exacerbating her medical conditions. During her bankruptcy proceedings Plaintiff "has endured extreme medical catastrophes, including surgery, heart attack and TIA stroke; and has been hospitalized nine times" and suffered from an auto accident that occurred in St. George, Utah in January 2025.[10] Plaintiff relies on these circumstances in noting some challenges she faced in pursuing her bankruptcy action. Plaintiff's Complaint raises seventeen claims which include *inter alia*, willful violation of federal laws, contempt of court, conspiracy to violate laws, violation of her constitutional and civil rights, elder abuse, burglary, grand larceny and theft, wrongful conversion, negligence, intentional inflection of emotional distress, and interference with legal proceedings.[11]

On May 7, 2025, Plaintiff served a copy of the summons and the complaint on Defendant Barbara Johnson. The Proof of Service states that the process server served Barbara Johnson a "manager" who according to Plaintiff is "designated by law to accept service of process on behalf of Watchdog Self Storage."[12] Defendants contest service noting Ms. Johnson is not designated to accept service of process on behalf of any business entities and is the property manager. Thus, Defendants move to quash under Rule 12(b)(5). Defendants further assert that

---

[9] Complaint at 5.

[10] *Id.* at 21-23.

[11] *See generally* Complaint.

[12] Proof of Service, ECF No. 11.

Plaintiff's Complaint fails to state a claim under Rule 12(b)(6). And finally in the alternative, Defendants seek a more definitive statement from Plaintiff.

**STANDARD OR REVIEW**

### I.    Legal Standard for Pro Se Plaintiff

Plaintiff proceeds pro se. The court therefore reviews Plaintiff's "pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."[13] While making allowances for "failure to cite proper legal authority, confusion of various legal theories, poor syntax and sentence structure, or unfamiliarity with the pleading requirements,"[14] the court will not construct arguments on Plaintiff's behalf and Plaintiff must comply with "the same rules of procedure that govern other litigants."[15] A "pro se litigant is still obligated to follow the requirements of Fed.R.Civ.P. 4."[16]

### II.    Legal Standard for Motion to Dismiss Failure to State a Claim

When analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court "accept[s] as true the well pleaded factual allegations [in the complaint] and then determine[s] if the plaintiff has provided 'enough facts to state a claim to relief that is plausible on its face.'"[17] To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual

---

[13] *Trackwell v. United States,* 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).

[14] *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (alteration omitted)).

[15] *Serna v. Irvine,* 2023 U.S. Dist. LEXIS 33171, at *4 (D. Colo. Feb. 28, 2023) (citation omitted); *see also Ogden v. San Juan Cnty.,* 32 F.3d 452, 455 (10th Cir. 1994) (requiring a pro se litigant to "comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").

[16] *DiCesare v. Stuart*, 12 F.3d 973, 980, 1993 WL 524388 (10th Cir. 1993).

[17] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[18] A court should "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief."[19] Although the factual allegations of the complaint need not be detailed, they must contain more than a "formulaic recitation of the elements of a cause of action"[20] and conclusory statements are "not entitled to be assumed true."[21] Indeed, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[22]

Before dismissing a pro se plaintiff's complaint for failure to state a claim, the court must determine whether to give the plaintiff leave to amend the complaint to cure any pleading deficiencies.[23] Indeed, "'[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged[,] and it would be futile to give him an opportunity to amend.'"[24]

---

[18] *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp.* 550 U.S. at 570).

[19] *Gallagher v. Shelton,* 587 F.3d 1063, 1068 (10th Cir. 2009).

[20] *Ashcroft,* 556 U.S at 678 (quoting *Bell,* 550 U.S. at 555).

[21] *Id.* at 664.

[22] *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir. 1991).

[23] *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) (providing that before dismissing a pro se plaintiff's complaint for failure to state a claim, "the district court should allow a [pro se] plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim").

[24] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir 2007) (quoting *Curley,* 246 F.3d at 1281).

### III.      Legal Standard for Rule 12(b)(5) Motion to Quash

"Effectuation of service is a precondition to suit."[25] A plaintiff has the burden of establishing the validity of service.[26] When a plaintiff does not meet this burden, a court may dismiss for failure to properly serve.[27] "[W]hen a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant."[28]

**DISCUSSION**

### I.      The underlying premise behind Plaintiff's claims is flawed

The *sine qua non* of this matter rests upon Plaintiff's assertions raised both in the Complaint and in response to Defendants' Motion seeking dismissal that "Defendants were obligated to abide by an automatic stay, in accordance with 11 U.S. Code § 362 and Federal Rule §62; which they knowingly violated, resulting in their willful impeding of her BK proceedings and their illegal taking of her assets, during the open BK case, causing PLAINTIFF extreme financial loss in excess of the requirements for Federal Jurisdiction."[29] This underlying premise behind Plaintiff's claims fails.

First, the bankruptcy court is the proper place as noted by Defendants, to resolve Plaintiff's claims that Defendants violated the bankruptcy rules. Section 362 establishes the automatic stay Plaintiff complains was violated. Section 362

> is the central provision of the Bankruptcy Code. When a debtor files for
> bankruptcy, section 362 prevents creditors from taking further action against him

---

[25] *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir.1998).

[26] *Federal Deposit Ins. Corp. v. Oaklawn Apts*., 959 F.2d 170, 174 (10th Cir.1992).

[27] *See Lasky v. Lansford,* 76 Fed. Appx. 240, 2003 WL 22147619, *1 (10th Cir. Sept. 18, 2003).

[28] *Pell v. Azar Nut Co., Inc* ., 711 F.2d 949, 950 n. 2 (10th Cir.1983) (citing 5 C. Wright & Miller, Federal Practice and Procedure § 1354, at 586–87 (1969)).

[29] Response and Objection to Motion to Dismiss/Quash at 5:3-6, ECF No. 31.

except through the bankruptcy court. The stay protects debtors from harassment and also ensures that the debtor's assets can be distributed in an orderly fashion, thus preserving the interests of the creditors as a group.[30]

Section 362(k)(1) protects against violations of the stay by providing that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."[31] A § 362(k)(1) proceeding is a core proceeding because it "derive[s] directly from the Bankruptcy Code and can be brought only in the context of a bankruptcy case."[32] Thus, as the Tenth Circuit has noted, the bankruptcy court has jurisdiction over Plaintiff's claims for damages arising from the alleged violation of the stay.

Next, the court agrees with Defendants that it is pre-dismissal conduct and not post-dismissal conduct that may support a claim for violating a stay.[33] A dismissal restores the status quo to the point before filing a bankruptcy petition.[34] Courts in the Tenth Circuit have followed this principle and Plaintiff offers no contrary authority.[35] Indeed the bankruptcy court followed this exact scenario, when in February 2024, it granted Plaintiff's prior motion to reinstate the dismissed case. The bankruptcy court stated in its order "Any actions taken by any creditors of the estate between the February 15, 2024 entry of the order dismissing this chapter 13 case and

---

[30] *In re Johnson*, 575 F.3d 1079, 1083, 62 Collier Bankr. Cas. 2d 315, Bankr. L. Rep. P 81542, 2009 WL 2386142 (10th Cir. 2009) (quoting *Price v. Rochford,* 947 F.2d 829, 831 (7th Cir.1991)).

[31] 11 U.S.C. § 362(K)(1)

[32] *Id.* (quoting *MBNA Am. Bank, N.A. v. Hill*, 436 F.3d 104, 109 (2d Cir.2006) (holding that action under § 362(k)(1) is a core proceeding)).

[33] 11 U.S.C. § 362.

[34] 11 U.S.C § 349(b).

[35] *See, e.g., In re Diviney*, 225 B.R. 762, 770, 15 Colo. Bankr. Ct. Rep. 408, 1998 WL 723890 (B.A.P. 10th Cir. 1998) ("The Bank correctly asserts that the automatic stay terminated pursuant to § 362(c) when the Dismissal Order was entered and that the Reinstatement Order did not expressly reimpose the stay.").

the date of entry of this order shall not be affected by reinstatement of this bankruptcy case."[36]

The bankruptcy court dismissed Plaintiff's case on January 8, 2025 and later that same month on

January 31, 2025, Defendant auctioned off Plaintiff's property. Plaintiff's bankruptcy case was

not reinstated on January 31, 2025, therefore there could be no violation of the stay, which

according to Plaintiff, forms the basis for her claims.

Accordingly, to the extent Plaintiff raises claims involving Defendants' pre-dismissal

conduct that violated the stay, those claims should be raised with the bankruptcy court. And

Plaintiff's claims alleging a violation of the stay after dismissal of her bankruptcy case fail and

should be dismissed.

## II.     Plaintiff fails to state a claim under Rule 12(b)(6)

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim for relief that is plausible on its face.'"[37] Plaintiff raises

seventeen claims for relief. These claims are based on alleged violations of the bankruptcy rules

whereby Defendants have "willfully, knowingly, intentionally participated in a calculated,

unethical, illegal fraud."[38] Moreover Defendants' actions have "directly violated Federal laws,

which also violated Utah State laws" and violated the "Legal, Constitutional and Civil Rights of

Plaintiff."[39]

Plaintiff's claims fail to meet the Rule 12(b)(6) standard. For example, Plaintiff's claims

of a willful violation of the § 362 stay, willful contempt of court, and burglary, theft, or wrongful

---

[36] Order Granting Motion to Vacate Dismissal at 2, attached as Ex. B to Defendants' Motion to Dismiss and Quash Service, or Alternatively for a More Definitive Statement.

[37] *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp.* 550 U.S. at 570).

[38] Response and Objection to Motion to Dismiss/Quash at 1.

[39] *Id.* at 2.

conversion all fail or should be resolved in the bankruptcy court. "When a debtor files a petition for bankruptcy, the Bankruptcy Code protects the debtor's interests by imposing an automatic stay on efforts to collect prepetition debts outside the bankruptcy forum."[40] In *City of Chicago, Illinois v. Fulton*,[41] the Supreme Court addressed "whether an entity violates that prohibition by retaining possession of a debtor's property after a bankruptcy petition is filed."[42] The Supreme Court held that "mere retention of property does not violate § 362(a)(3)"[43] Thus, contrary to Plaintiff's arguments, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate"[44] does not violate the stay.

Plaintiff's other claims suffer from similar flaws. Plaintiff fails to allege a conspiracy because the supposed crime did not exist. Other claims are conclusory in nature and do not meet the required standards. These include allegations of violating Plaintiff's constitutional, legal, and civil rights, discrimination, elder abuse, abusing the disabled, and fraud which requires a heightened pleading standard.[45] Plaintiff's claims as to negligence are similarly lacking in factual detail or connection to the required elements to establish a prima facie case of negligence.[46] And conduct must be outrageous enough to support an action for the intentional infliction of emotional distress. Conduct that rises to the level of "'outrageous and intolerable' is conduct that

---

[40] *City of Chicago, Illinois v. Fulton*, 592 U.S. 154, 156, 141 S. Ct. 585, 589, 208 L. Ed. 2d 384 (2021).

[41] *Id.*

[42] *Id.* at 156.

[43] *Id.*

[44] 11 U.S.C. § 362(a)(3).

[45] Fed. R. Civ. P. 9(b).

[46] *Marland v. Asplundh Tree Expert Co.*, No. 1:14-CV-40 TS, 2016 WL 7240139, at *2 (D. Utah Dec. 14, 2016) ("To establish a claim of negligence, the plaintiff must establish four essential elements: (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, (3) that the breach of duty was the proximate cause of the plaintiff's injury, and (4) that the plaintiff in fact suffered injuries or damages.") (citation modified).

is 'so extreme as to exceed all bounds of that usually tolerated in a civilized society.'"[47] There simply are not enough facts demonstrating conduct that reaches this level of extremity.

In sum Plaintiff's claims all fail under Rule 12(b)(6) and are conclusory in nature.[48] Further, the Complaint is nearly silent as to any alleged misconduct by Defendant Barbara Johnson. There is not enough factual support for any claims against her. Finally, based on the facts before it, there is no merit in allowing Plaintiff to amend her Complaint.

### III.    Service was improper

A motion made under Rule 12(b)(5) "challenges the mode or lack of delivery of a summons and complaint."[49] In opposing such a motion, the "plaintiff bears the burden of making a prima facie case that [she] has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over the defendant."[50] When a plaintiff does not meet this burden, a court may dismiss for failure to properly serve.[51]

Here, Plaintiff served Barbara Johnson who Defendants assert was not authorized to accept service. Plaintiff offers nothing contrary and fails to meet her burden that she satisfied the service requirements for her initial service. In a recent filing Plaintiff alleges she sought to cure any deficiencies by personally serving Ms. Johnson. Once again this fails to satisfy Plaintiff's

---

[47] *Johnston v. Davis Sec., Inc.*, 217 F. Supp. 2d 1224, 1232 (D. Utah 2002) (quoting *White v. Blackburn*, 787 P.2d 1315, 1317 (Utah Ct.App.1990)).

[48] Plaintiff's claim for "INTERFERENCE WITH LEGAL PROCEEDINGS AND WITH NORMAL BUSINESS PRACTICES AND WITH THE ABILITY TO DERIVE DESERVED INCOME" appears to be a claim for tortious interference with contractual relations or prospective economic advantage. None of the elements for these types of claims are adequately set forth by Plaintiff.

[49] *Oltremari by McDaniel v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1349 (D. Kan. 1994).

[50] *Lopez v. Colorado*, No. 19-cv-00684-WJM-MEH, 2020 WL 2309558, at *19 (D. Colo. Jan. 7, 2020) (citation modified).

[51] *See Lasky* 2003 WL 22147619, *1.

requirements under the Rules. Plaintiff's failures to properly serve Defendants provide an independent basis for dismissal.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Defendants' Motion seeking dismissal be granted. There are multiple reasons for dismissal, and nothing warrants permitting Plaintiff an opportunity to amend given the faulty premise upon which her claims are based. Finally, Defendants' Motion to Strike and for a hearing are moot.

## <u>NOTICE TO PARTIES</u>

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[52] The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court of for appellate review."[53] Failure to object may constitution waiver of the objections upon subsequent review.

DATED this 11 March 2026.

_____
Dustin B. Pead
United States Magistrate Judge

---

[52] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[53] *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.,* 73 F.3d 1057, 1060 (10th Cir. 1996).