UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SALEE BARNES-MOHAMMED,<br><br>Plaintiff,<br><br>v.<br><br>WATCHDOG SELF STORAGE, et al.,<br><br>Defendants. | **ORDER ADOPTING [46] REPORT AND RECOMMENDATION**<br><br>Case No. 2:25-cv-00198-DBB-DBP<br><br>District Judge David Barlow |

The Report and Recommendation issued by the magistrate judge on March 11, 2026 recommends that the court dismiss Plaintiff Salee Barnes-Mohammed's Complaint for failure to state a plausible claim for relief.[1] The magistrate judge observed that Ms. Barnes-Mohammed's claims relate to an automatic stay issued by the bankruptcy court and recommended that to the extent she "raises claims involving Defendants' pre-dismissal conduct that violated the stay, those claims should be raised with the bankruptcy court."[2] Furthermore, the magistrate judge stated that the claims alleging a violation of the stay after dismissal of her bankruptcy case fail under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[3] Finally, the magistrate judge observed that service was improper under Rule 12(b)(5) of the Federal Rules of Civil Procedure.[4] The magistrate judge advised Ms. Barnes-Mohammed of her right to object to the

---

[1] Report & Recommendation to Dismiss Case ("R & R"), ECF No. 46, filed Mar. 11, 2026.
[2] *Id.* at 8.
[3] *Id.* at 8–10.
[4] *Id.* at 10–11.

Report within 14 days of its service pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.[5]

Ms. Barnes-Mohammed filed a timely objection.[6] The court conducts a de no review of any part of a report and recommendation for which a plaintiff offers a "timely and specific" objection.[7] To trigger this de novo review, an objection must adequately specify the factual and legal issues in dispute.[8] "General objections" are insufficient to preserve the issue for appellate review.[9] Ms. Barnes-Mohammed's single-sentence objection states that she "very strongly OBJECTS to the recommendations put forth by the Magistrate, as regards this case, in that the recommendations will result in a severe miscarriage of justice."[10] This general objection is not specific and does not meet the standard for de novo review. Consequently, this court "reviews unobjected-to portions of a report and recommendation for clear error."[11] Having done so, the court finds that the magistrate judge's analysis and conclusions are sound and no clear error appears on the face of the record.

## ORDER

Accordingly, the [46] Report and Recommendation is ADOPTED, Plaintiff's [47] Objection is OVERRULED, and Defendants' [13] Motion to Dismiss and Quash Service is GRANTED. Plaintiff's [1] Complaint is DISMISSED WITHOUT PREJUDICE. As a result,

---

[5] *Id.* at 11.
[6] Pl.'s Obj. to Mag. J. R & R ("Obj."), ECF No. 47, filed Mar. 24, 2026.
[7] *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).
[8] *See 2121 E. 30th St.*, 73 F.3d at 1060.
[9] *Id.*
[10] Obj. at 1.
[11] *See Johnson v. Progressive Leasing*, No. 2:22-cv-00052, 2023 WL 4044514, at *2 (D. Utah June 16, 2023) (citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)).

Defendants' [37] Motion to Strike and Request a Hearing are DENIED AS MOOT. If Plaintiff wishes to seek leave to file an amended complaint, she must do so within 30 days. In the event that Plaintiff does not file an amended complaint within 30 days, the court, without further notice, will dismiss this case without prejudice.

Signed March 26, 2026.

BY THE COURT

_____
David Barlow
United States District Judge